DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARILYN M. WILSON,**
Appellant,

v.

**GREGORY P. WILSON,** as Trustee of the Paul C. Wilson Living Trust and
as Personal Representative of the Estate of Paul C. Wilson,
Appellee.

No. 4D18-3691

[August 14, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Victoria L. Griffin, Judge; L.T. Case No. 312017CP001128.

Jordan R. Hammer of Ellis Law Group, P.L., Boca Raton, for appellant.

E. Steven Lauer of Lauer Law, P.A., Vero Beach, for appellee.

LEVINE, C.J.

A married couple entered into a prenuptial agreement, waiving their right to an elective share but reserving the right to make testamentary gifts by will or codicil. Subsequently, the husband executed a last will and testament and created a trust agreement, directing the trustee to set aside "as much property as is necessary to satisfy the Wife's elective share" pursuant to the elective share statute. After the husband's death, the wife filed a notice of election to take elective share. The trial court struck the election.

We are asked to interpret the language of the prenuptial agreement. Was the waiver of elective share in the prenuptial agreement modified by the creation of the trust agreement which requested the setting aside of property to satisfy the same elective share? We find that the language of the prenuptial agreement unambiguously waived the wife's elective share and that the trust agreement could not modify the prenuptial agreement under the terms of the prenuptial agreement itself and the applicable statute. As such, we affirm.

Appellant and the decedent got married in 2011. Before their marriage, they entered into a prenuptial agreement. In the prenuptial agreement, the couple agreed to waive the right to an elective share:

> Each of the parties does hereby and herewith release, waive and relinquish all rights that they may now have or may hereafter acquire in the property or estate of the other party by reason of their marriage, whether by way of dower, curtesy, *elective share*, family allowance, homestead, statutory allowance, pretermitted spouse statute, intestate share, community property, ERISA or any other claim or right given by law, irrespective of their marriage and any law to the contrary.

(emphasis added). The agreement did allow the couple to make testamentary gifts to each other by will or codicil without invalidating the prenuptial agreement:

> Neither party intends by this Agreement to limit or restrict the right to give or receive a testamentary gift from the other. Either of the parties may elect to make a gift to the other by Will without invalidating this provision and may thereafter change or eliminate the gift by a codicil or another Will without in any way affecting the continued effectiveness of this Agreement.

Finally, they agreed that any changes to the prenuptial agreement must be in writing and signed by both the wife and the decedent.

In 2013, the decedent signed a last will and testament and created a trust agreement which he later amended in 2014. That trust agreement directed that enough property be set aside to satisfy the wife's elective share: "There shall be set aside from the property of this trust as much property as is necessary to satisfy the Wife's elective share pursuant to Section 732.201, et seq., of the Florida Statutes, provided the requirements thereunder are satisfied and a timely election is filed."

Both trust documents from 2013 and 2014 were signed only by the decedent, who died in 2017. The wife filed a notice of election to take the elective share in accordance with the trust agreement. Appellee, the decedent's son and trustee of the trust, filed a motion to strike the wife's election to take elective share.

The trial court found the prenuptial agreement was unambiguous and

2

struck the wife's election for elective share. In so ruling, the trial court found that the prenuptial agreement permitted the parties only to give or receive testamentary gifts by will or codicil, that the prenuptial agreement waived the wife's ability to receive an elective share, and that the prenuptial agreement could be modified only in writing with the signature of both parties. From this order, the wife appeals.

"A trial court's interpretation of a prenuptial agreement is reviewed de novo, as such agreements are governed by the law of contracts." *Berg v. Young*, 175 So. 3d 863, 867 (Fla. 4th DCA 2015).

"Where a contract is clear and unambiguous, it must be enforced pursuant to its plain language. In such a situation, the language itself is the best evidence of the parties' intent, and its plain meaning controls." *Hahamovitch v. Hahamovitch*, 174 So. 3d 983, 986 (Fla. 2015) (citation and quotation marks omitted).

We find that the language of the prenuptial agreement unambiguously waived the wife's elective share. The agreement clearly stipulates that each party has waived their right to the estate of the other, including the right to an elective share. The creation of the trust agreement could not modify the prenuptial agreement since it was not signed by both parties as required by the prenuptial agreement. The controlling Florida Statute also states that modification of a prenuptial agreement is valid only if signed by both parties. *See* § 61.079(6), Fla. Stat. (2014) ("After marriage, a premarital agreement may be amended, revoked, or abandoned only by a written agreement signed by the parties.").

Further, any testamentary gifts, by will or codicil, envisioned by the prenuptial agreement would not invalidate any of the provisions of the prenuptial agreement. Therefore, even if the decedent gave the wife a testamentary gift, the waiver of the elective share would still be effective. Thus, if the decedent intended to give the wife a testamentary gift, he could have done so by will or codicil without relying on an elective share and specifically the requirements of the elective share statute.

For the foregoing reasons, we find the trial court correctly found that the prenuptial agreement had waived the wife's elective share, and as such, we affirm.

KUNTZ, J., and BOATWRIGHT, JOE, Associate Judge, concur.

\*     \*     \*

3

*Not final until disposition of timely filed motion for rehearing.*